SUMMARY ORDER
Defendant-appellant Enrique Simmons, who in 1998 was sentenced principally to 322 months’ imprisonment for conspiracy to distribute 50 grams or more of “crack” cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), challenges an August 5, 2008, 2008 WL 3178729 order of the District Court denying his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) in light of the United States Sentencing Commission’s amendment of the United States Sentencing Guidelines to lower offense levels for crack cocaine offenses.
On appeal, Simmons argues that he was denied due process of law because his counsel did not receive a July 2, 2008 memorandum from the United States Probation Office (“USPO”) supplementing Simmons’s original presentence report (“PSR”) and the District Court did not conduct a hearing or otherwise provide him with an opportunity to respond to the information contained in the supplemental letter.[1] Additionally, Simmons posits that the District Court erred in failing to comply with the procedural requirements of Rule 32 of the Federal Rules of Criminal Procedure; the District Court insufficiently explained its rationale for denying Simmons’s motion; and the District Court abused its discretion in taking into consideration defendant’s post-sentencing conduct and leaving in place a sentence that was within the adjusted Guidelines range. We assume the parties’ familiarity with the facts and procedural history of the case.
Simmons’s due process claim is unavailing. In particular, his reliance on Gardner v. Florida, in which the Supreme Court *307 held that a defendant in a capital murder case was “denied due process of law when the death sentence was imposed, at least in part, on the basis of information which he had no opportunity to deny or explain,” 430 U.S. 349, 362, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) is misplaced. Notwithstanding Simmons’s contentions in this case, we have observed that “there can be no doubt that [Gardner’s] holding is strictly limited to ■ due process guarantees in Capital cases.” United States v. Fatico, 579 F.2d 707, 711 n. 10 (2d Cir.1978) (emphasis added). However, even if we assume, as Simmons does, that the rule in Gardner applies in non-capital cases and applies to motions for reduced sentences under § 3582(c)(2), it at most stands for the proposition that “a defendant cannot be sentenced ... based on secret information in a presentence investigation report which he cannot dispute or explain because it is not disclosed to him.” Id. (emphasis added).
The Government contends that “whatever [d]ue [pjrocess right Simmons had to review and respond to the [USPO’s July 2, 2008 supplemental memorandum containing] information about his prison disciplinary record was satisfied by the Government’s detailed presentation of the [same] information in its [July 24, 2008] letter ... opposing Simmons’[s] motion for resentencing.” Appellee’s Br. 15. We agree. As the Government correctly observes, although Simmons’s counsel did not receive a copy of the USPO’s supplemental memorandum, Simmons’s counsel did receive a copy of the Government’s July 24, 2008 letter to the District Court opposing a reduction in sentence. Our review of the record reveals that the Government’s letter adverted to the USPO’s supplemented memorandum and catalogued Simmons’s post-sentence prison disciplinary record in greater detail than the USPO’s supplemental memorandum. Accordingly, we are confident that Simmons received ample notice of the contents of the USPO’s supplemental memorandum.
Simmons argues that he was entitled to a hearing or some further opportunity to explain the circumstances underlying many of the infractions listed in the Government’s July 24, 2008 letter and the USPO’s supplemental memorandum. Simmons does not dispute that the information on which the District Court relied accurately listed disciplinary infractions in his record. He simply argues that he should have been permitted to explain certain aspects of that record. We note, however, that the District Court had before it both the USPO’s supplemental memorandum, which reported that Simmons had obtained a GED, was working as an orderly, and had participated in numerous classes and workshops, as well as Simmons’s May 8, 2008 motion for a reduced sentence. In the memorandum supporting Simmons’s motion, his counsel provided a thorough and detailed account of Simmons’s various accomplishments in prison and his “diligent[ ]” efforts to “ ‘better’ him-self.” J.A. 11. Attached to Simmons’s motion were a lengthy transcript of educational programs Simmons had attended and a progress report from a Bureau of Prisons Correctional Counselor familiar with Simmons’s prison record. In the circumstances presented here, we are satisfied that the District Court did not impair or violate his due process rights.
We have considered Simmons’s other arguments and find them to be without merit.
CONCLUSION
For reasons stated above, the August 5, 2008, 2008 WL 3178729 order of the District Court is AFFIRMED.

. The Guidelines authorize a court entertaining a motion under § 3582(c)(2) to "consider,” among other things, “the post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment.” U.S.S.G. § 1B1.10 comment (n.l(B)(iii)).